UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **LAKISHA MYERS** as Special Administrator of the Estate of **MICHAEL D. MYERS, SR.,** deceased, | )<br>)<br>) |
| Plaintiffs, | )  Case No. 14 CV 4136<br>)<br>)  Magistrate Judge Weisman |
| v. | )<br>)  **JURY DEMAND** |
| **P.O. INGVOLDSTAD, #5864, P.O. GUERRERO, #16463** Individually and **CITY OF CHICAGO,** | )<br>)<br>)<br>) |
| Defendants, | ) |

### PLAINTIFF'S EMERGENCY MOTION TO QUASH NOTICE OF DEPOSITION

NOW COMES the Plaintiff, LAKISHA MYERS, by and through one of her attorneys, Brian Orozco, and in support of her Emergency Motion to Quash a Notice of Deposition, states as follows:

1. The instant case involves a police shooting of the Decedent Michael Myers on May 25, 2014. After Michael Myers died, his body was examined by medical examiner Dr. Ariel Goldschmidt.

2. The deposition of Dr. Ariel Goldschmidt was taken on August 6, 2015 (Please see Exhibit A).

3. The trial in this instant case is set to start on September 12, 2016 (Doc. # 86).

4. The witness is not physically able to attend the trial. Defendants have noticed the deposition of medical examiner Dr. Ariel Goldschmidt for August 30, 2016 in Rhode Island (Please see Exhibit B).

5. The Defendants should not be allowed to conduct additional discovery when fact discovery is closed. If the Defendant's witness is unavailable, then the Defendants can petition the court have the medical examiner's deposition read into evidence.

6. In addition, it has been revealed to the Plaintiff that the deposition will include testimony that only an expert witness can testify too. For example, counsel for the Defendants have disclosed that they will ask Dr. Ariel Goldschmidt to testify regarding the bullet trajectories. Dr. Ariel Goldschmidt was not properly disclosed as expert witness under the Defendants' disclosures (Please Exhibit C and Exhibit D). He has not written an expert report and it has not been disclosed exactly what he will testify to as an expert. A mere three weeks before trial is an inappropriate time to obtain expert testimony.

WHEREFORE, the Plaintiff, LAKISHA MYERS, respectfully requests this Honorable Court to quash the notice of deposition of Dr. Ariel Goldschmidt, and for such other relief the Court deems appropriate.

Respectfully submitted,

By: /s/Brian Orozco_____
Gregory E. Kulis & Associates, Ltd.

Gregory E. Kulis & Associates, Ltd.
30 North LaSalle Street, Suite 2140
Chicago, Illinois 60602
312-580-1830