UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LAKISHA MYERS as Special Administrator of the Estate of MICHAEL D. MYERS, SR., deceased, | ) ) ) ) | |
| | ) | Case No. 14 CV 4136 |
| Plaintiffs, | ) ) | Magistrate Judge Weisman |
| | ) ) | |
| v. | ) ) | JURY DEMAND |
| P.O. INGVOLDSTAD, #5864, P.O. GUERRERO, #16463 Individually and CITY OF CHICAGO, | ) ) ) ) | |
| Defendants, | ) | |

### PLAINTIFF'S REVISED EMERGENCY MOTION TO QUASH NOTICE OF DEPOSITION

NOW COMES the Plaintiff, LAKISHA MYERS, by and through one of her attorneys, Brian Orozco, and in support of her Revised Emergency Motion to Quash a Notice of Deposition, states as follows:

1. Previously Plaintiff failed to clarify the reason why her original motion was an emergency. This motion is an emergency because it has to be heard sometime tomorrow since counsel for the Defendants are flying out to Rhode Island early in the morning on August 29th and Judge Weisman is physically unable to hear the motion on August 26th. If this motion is granted, it will not only save defense counsel two whole work days and a plane trip, but will also save the Plaintiff's counsel time to prepare for and to defend the deposition. Finally, as stated below, it is procedurally and legally improper for this deposition to take place.

2. The instant case involves a police shooting of the Decedent Michael Myers on May 25, 2014. After Michael Myers died, his body was examined by medical examiner Dr. Ariel Goldschmidt.

3. The deposition of Dr. Ariel Goldschmidt was taken on August 6, 2015 (Please see Exhibit A).

4. The trial in this instant case is set to start on September 12, 2016 (Doc. # 86).

5. The witness is not physically able to attend the trial. Defendants have noticed the deposition of medical examiner Dr. Ariel Goldschmidt for August 30, 2016 in Rhode Island (Please see Exhibit B).

6. The Defendants cannot use the deposition of witness Dr. Ariel Goldschmidt because they have not proven through "motion and notice, that exceptional circumstances make it desirable—in the interest of justice and with due regard to the importance of live testimony in open court—to permit the deposition to be used."-Fed. R. Civ. P. 32(a)(4)(E). Only after the Court hears and grants such a motion can a party "use for any purpose the deposition of a witness, whether or not a party." Fed. R. Civ. P. 32(a)(4).

7. In addition, it has been revealed to the Plaintiff that the deposition will include testimony that only an expert witness can testify too. For example, counsel for the Defendants have disclosed that they will ask Dr. Ariel Goldschmidt to testify regarding the bullet trajectories. Dr. Ariel Goldschmidt was not properly disclosed as expert witness under the Defendants' disclosures (Please Exhibit C and Exhibit D). He has not written an expert report and it has not been disclosed exactly what he will testify to as an expert. A mere three weeks before trial is an inappropriate time to obtain expert testimony.

WHEREFORE, the Plaintiff, LAKISHA MYERS, respectfully requests this Honorable Court

to quash the notice of deposition of Dr. Ariel Goldschmidt, and for such other relief the Court deems appropriate.

Respectfully submitted,

By: /s/Brian Orozco_____
Gregory E. Kulis & Associates, Ltd.

Gregory E. Kulis & Associates, Ltd.
30 North LaSalle Street, Suite 2140
Chicago, Illinois 60602
312-580-1830