# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| Lakisha Myers, as Special Administrator ) | | |
| Of the Estate of MICHAEL D. MYERS, SR.) | | |
| Deceased, ) | | |
| ) | | |
| Plaintiff, ) | | Case No. 14 C 4136 |
| ) | | |
| v. ) | | Magistrate Judge Weisman |
| ) | | |
| CITY OF CHICAGO, et al. ) | | |
| ) | | |
| Defendants. ) | | |

## DEFENDANTS' JOINT RESPONSES TO PLAINTIFF'S MOTION TO QUASH

Defendants William Ingvoldstad, Alejandro Guerrero,[1] and the City of Chicago,[2] through one of their attorneys, respectfully submit the following responses to Plaintiff Lakisha Myers' Motion to Quash Notice of Deposition.

1. Plaintiff presents this motion on the last business day before the undersigned is scheduled to fly to Rhode Island.

2. Nevertheless, this is not an emergency in that the proper course of action would be to make any objection on the record at the time the videotaped testimony is given, and then have the judge rule on its admissibility at the Pre-Trial Conference in this case which is scheduled for September 1, 2016.

3. Indeed, not only was this deposition coordinated with the dates provided by Plaintiff, so that Plaintiff is fully able to participate in Dr. Goldschmidt deposition via video-conference in

---

[1] Collectively "Defendant Officers."
[2] Collectively "Defendants."

Chicago, but Defendants set up, and are paying for the entire deposition. Plaintiff will not have to spend any money on travel or lodging Plaintiff will suffer no expense and no prejudice.

4.  This case involves the shooting and subsequent death of Michael Myers after he attempted to stab with a knife paramedics on an ambulance, firefighters on a fire engine and then police officers in a marked squad car.

5.  When Defendants sent out their subpoenas for trial, they were informed that Dr. Ariel Goldschmidt, the Cook County Medical Examiner that performed decedent's autopsy, had re-located to Rhode Island.

6.  Defendants then spoke with Dr. Goldschmidt about his role in this trial and he said he would not be able to attend the trial because he was scheduled to perform autopsies that whole week.

7.  Upon learning this information, the undersigned called Mr. Orozco and told him the witness cannot testify live and that she wanted to fly to Rhode Island to videotape the trial testimony of this witness.

8.  Mr. Orozco had no objection whatsoever and provided dates that he could attend the videotaped trial testimony remotely from Chicago. This was a firm agreement. This agreement was later memorialized by the undersigned with no objection. *See* electronic correspondence attached hereto as Exhibit A.

9.  The undersigned specifically mentioned that she would be using demonstrative exhibits such as a dummy, photos and the report so Plaintiff would want to see the examination as opposed to participating by phone.

10. This conversation occurred on Tuesday, August 23, 2016.

11. Upon picking a date with the medical examiner from Mr. Orozco's available dates, the Defendants booked and paid for hotel rooms and round-trip flights to Rhode Island.

12. Defendants also arranged for a court reporter and videographer in Rhode Island and a court reporter in Chicago which had the capability of being able to video conference the plaintiff in so they could physically observe the examination that defense counsel would do in Rhode Island.

13. A notice of this videotaped examination was sent via email and regular mail on Wednesday, August 24, 2016 to Mr. Orozco and Mr. Kulis, both members of the same firm.

14. The undersigned also emailed Mr. Orozco all the court reporter's information and heard no objection whatsoever to any of this.

15. Plaintiff's lack of objection on Tuesday, August 23rd and for nearly 48 hours thereafter clearly indicates that even Plaintiff knows that nothing about this process that is objectionable.

16. Dr. Goldschmidt's deposition is merely being done as a convenience for an important witness who, because of his professionally responsibility, cannot appear live.

17. On Thursday August 25, 2016, Greg Kulis, the principal of Mr. Orozoco's firm, called the undersigned and stated that he first learned of this videotape depositions that day and that he objects to it going forward.

18. Despite Mr. Kulis' representations that he only learned of this deposition on Thursday, he was copied on the email detailing the logistics of the deposition, sent on August 24, 2016. *See* Electronic Correspondence and attachment, attached hereto as Exhibit B.

19. It is Mr. Kulis' positon that either Dr. Goldschmidt must fly in for the trial or his deposition, taken during the discovery period, be read in.

20. This proposition is also contained in the Motion to Quash, but there is no rule or authority citing that those are the only options. Indeed, Plaintiff's motion incorrectly cites to only portions of FRCP 32. The rule actually states:

> **(**4) *Unavailable Witness.* A party may use for any purpose the deposition of a witness, whether or not a party, if the court finds:
>
> > (A) that the witness is dead;
> >
> > (B) that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition;
> >
> > (C) that the witness cannot attend or testify because of age, illness, infirmity, or imprisonment;
> >
> > (D) that the party offering the deposition could not procure the witness's attendance by subpoena; ___*or*___
> >
> > (E) on motion and notice, that exceptional circumstances make it desirable--in the interest of justice and with due regard to the importance of live testimony in open court--to permit the deposition to be used.

21. Contrary to plaintiff's assertion that this is additional discovery, the agreement is, and always was, that the undersigned would be flying out there to conduct her trial examination of this witness.

22. Sometimes witnesses testify live at a trial via video when they cannot be present.

23. This scenario would be no different than that except for it is much more convenient for everyone involved.

24. Upon learning of Mr. Kulis' objection and imminent motion, the undersigned called Mr. Orozco to confirm that they had an agreement and no objection was ever voiced. He admitted that they did, but then stated that they had re-evaluated it when Mr. Kulis learned the undersigned would be using demonstratives, i.e. "this is bad for my case" objection.

25. Plaintiff's argument that this medical examiner was not properly disclosed as an expert witness is entirely misplaced. In fact Dr. Goldschmidt was disclosed on November 26, 2014 *See* Defendants' 26 (a) (2) disclosures, attached as Exhibit C to Plaintiff's Motion, Docket No. 93-3, at p. 9.

26. The medical examiner will testify to his findings and things about the human body that would be within the foundations knowledge of any medical examiner.

27. Obviously, trial examinations are more specific and refined than deposition questioning, which typically contains inadmissible testimony from both the deponent and attorneys. Moreover, this video testimony is for the convenience of the witness, who no longer resides in Chicago, as discussed above.

28. The undersigned's trial examination will not mirror the deposition, exactly as the witness will explain certain things based on both his knowledge and experience. Mr. Kulis or Mr. Orozco would have their own points to highlight or explain.

29. The defendants will not be eliciting anything outside of the purview of the earlier deposition or the knowledge base that any doctor would have as a result of this field of study.

Respectfully submitted,

*/s/ Barrett Boudreaux*
Barrett E. Boudreaux
Senior Corporation Counsel
30 N. LaSalle, STE 900
Chicago, IL 60602
(312) 742-6404

*/s/ Jessica L. Griff*
Jessica L. Griff
Assistant Corporation Counsel

*/s/ Shawn Barnett*
Shawn Barnett
Assistant Corporation Counsel.

## **CERTIFICATION**

I, the undersigned attorney, certify that I filed the foregoing Response with the Clerk of the Northern District of Illinois using the electronic filing system. As a result, electronic copies of the foregoing filing were served to all attorneys of record.

*/s/ Barrett E. Boudreaux*