# EXHIBIT A

# Griff, Jessica

**From:** Boudreaux, Barrett
**Sent:** Thursday, August 25, 2016 3:08 PM
**To:** borozco@kulislawltd.com; gkulis@kulislawltd.com
**Cc:** Barnett, Shawn; Griff, Jessica
**Subject:** Medical Examiner deposition

Greg and Brian:

This letter is to memorialize the phone conversations I have had with each of you at various times throughout this week. Early afternoon on Tuesday, I had a conversation with Mr. Orozco in which I told him I recently learned the Cook County Medical Examiner who had performed the Myers' autopsy had moved to Rhode Island and now works in the morgue there. I explained that he was unable to attend the trial in this matter as he was scheduled to perform autopsies that whole week. I stated that I wanted to go to Rhode Island and videotape his testimony for trial akin to what would be called an evidence deposition in state court. Mr. Orozco had absolutely no objection at the time and today, re-confirmed that we had come to an agreement during that phone call as to how this witness' testimony would come in.

During that same conversation, I told Mr. Orozco that if he would not personally attend the examination, he would want to set up video-conferencing for it as I would be using demonstrative exhibits such as a dummy, photographs and the report, the same way I would at a trial. He said that that was a "good point." Mr. Orozco provided the dates when he was available and then I called the ME to select one and advised Mr. Orozco of the same. By Tuesday afternoon, before 4:00, I was already making my travel arrangements (for myself and my partner) and setting up the court reporter's firm in Chicago from where plaintiff's firm could video conference in. I sent a notice of this examination both via email and regular mail that contained the relevant information and that it would be video-taped for trial. Yesterday, I sent you the specific information for the court reporter and again told you that I would be using photos, the report and a dummy for demonstrative purposes and trajectory rods.

Today I received a call from Greg and he stated that learned of the video examination for the first time today and that he objects to it proceeding. It is his position that I be forced to read in the medical examiner's deposition that was taken during the discovery period. It is my positon that this is not the rule, or a valid objection and that we had an unequivocal agreement with Mr. Orozco upon which I relied. My desire to videotape this witness' testimony for trial is not to get in inadmissible opinions as both Mr. Orozco and Mr. Kulis told me the soon-to-come motion to quash will allege. Rather, it is to conduct a direct examination for trial, rather than being forced to rely upon the prior deposition. As you know, trial examinations are more specific and refined than deposition questioning, which typically contains inadmissible testimony from both the deponent and attorneys. Moreover, this video testimony is for the convenience of the witness, who no longer resides in Chicago, as discussed below.

Obviously, my trial examination will not mirror the dep exactly as I will have the witness explain certain things based on both his knowledge and experience. I'm sure Mr. Kulis or Mr. Orozco would have your own points that you would highlight or explain. My points may include things pertaining to the human body that any medical examiner would have the foundation about which to testify. I can assure you I will not be eliciting anything outside of the purview of the earlier deposition or the knowledge base that any doctor would have as a result of this field of study.

This scenario is merely being set up as a convenience to the witness and to allow the trial to proceed in a more efficient manner. The only other way the medical examiner could testify during trial would be to set up video conferencing with an organization in Rhode Island, which is likely to be overly burdensome and difficult given the doctor's schedule and that we are unable to pinpoint a time when he would testify. This is the easiest way to do and there is no prejudice to the plaintiff in proceeding in said manner. I have a number of emails confirming the timeline referenced in this email

1

but hope that we can resolve this without court intervention. Obviously, you would object to anything in the deposition that you think is improper and the judge would subsequently rule on those objections.

Please advise.

Barrett

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail (or the person responsible for delivering this document to the intended recipient), you are hereby notified that any dissemination, distribution, printing or copying of this e-mail, and any attachment thereto, is strictly prohibited. If you have received this e-mail in error, please respond to the individual sending the message, and permanently delete the original and any copy of any e-mail and printout thereof.

# EXHIBIT B

## Griff, Jessica

| | |
|---|---|
| **From:** | Boudreaux , Barrett |
| **Sent:** | Wednesday, August 24, 2016 4:14 PM |
| **To:** | borozco@kulislawltd.com; gkulis@kulislawltd.com |
| **Cc:** | Barnett, Shawn; Griff, Jessica |
| **Subject:** | FW: Videotaped Dep. Request in re Lakisha Myers v. City, 14C4136 |
| **Attachments:** | Notice of Dep (VIDEO)-Fed (2015, 08-24) Dr Goldschmidt - SIGNED.pdf |

**From:** Jackson, Octavia
**Sent:** Wednesday, August 24, 2016 12:33 PM
**To:** shaunia.wright@esquiresolutions.com
**Cc:** Boudreaux , Barrett; Barnett, Shawn; Griff, Jessica
**Subject:** Videotaped Dep. Request in re Lakisha Myers v. City, 14C4136

Afternoon Ms. Wright –

Per our phone conversation this morning, please see the attached Notice of Videotaped Deposition, scheduled for **Tuesday, August 30, 2016 at 11:30 a.m. (EST)/10:30 a.m. (CST)**. As discussed, we are requesting a **reporter and videographer with videoconferencing equipment** to report to the Rhode Island Office of Medical Examiners, located at 48 Orms St., Providence RI; the attorneys for the City of Chicago, cc'd herein, will be in attendance at that location as well. Simultaneously, the attorney for the plaintiff, Gregory Kulis will appear via videoconference at your office on W. Monroe.

Once everything has been scheduled, please send a confirmation. If you should have any questions or run into any issues, please don't hesitate to contact me. Thank you so much, in advance for your help!

*Octavia Jackson*
*Paralegal II*
*City of Chicago Department of Law Department*
*30 N. LaSalle Street, Suite 900*
*Chicago, IL 60602*
*Phone (312) 744-5120*
*Fax (312) 744-6566*

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail (or the person responsible for delivering this document to the intended recipient), you are hereby notified that any dissemination, distribution, printing or copying of this e-mail, and any attachment thereto, is strictly prohibited. If you have received this e-mail in error, please respond to the individual sending the message, and permanently delete the original and any copy of any e-mail and printout thereof.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| Lakisha Myers, et al., | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| vs. | ) | Case No. | 14 C 4136 |
| | ) | | Judge Tharp |
| PO Ingvoldstad, et al., | ) | | Magistrate Judge Brown |
| | ) | | |
| Defendants. | ) | | |

## NOTICE OF VIDEOTAPED DEPOSITION

To:  Gregory E. Kulis
Gregory E. Kulis & Associates, Ltd.
30 N. LaSalle Street, Suite 2140
Chicago, IL 60602

**YOU ARE HEREBY NOTIFIED** that pursuant to the rules of Civil Procedure for the United States District Court for the Northern District of Illinois, Eastern Division, the undersigned requires the appearance of the following person/s for a videotaped deposition via video-conference from **the Rhode Island Office of State Medical Examiners, located at 48 Orms Street, Providence, RI 02904. The attorneys for plaintiff shall appear at Esquire Deposition Services, located at 311 W. Monroe Street, Suite 1200, Chicago, IL 60606,** on the date and time indicated:

| Deponent | Date | Time |
|---|---|---|
| Dr. Ariel Goldschmidt | Tuesday, August 30, 2016 | 11:30 a.m. (EST)<br>10:30 a.m. (CST) |

**I CERTIFY** that I mailed a copy of this Notice to Counsel to the address indicated above.

**DATED** on August 24, 2016.

Respectfully submitted,

Shawn Barnett
Assistant Corporation Counsel

30 N. LaSalle St., Suite 900
Chicago, IL 60602
(312) 744-9171
Atty. No. 06312312