UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAKISHA MYERS as Special Administrator of the Estate of MICHAEL D. MYERS, SR., deceased, <br><br> Plaintiffs, <br><br> v. <br><br> P.O. INGVOLDSTAD, #5864, P.O. GUERRERO, #16463 Individually and CITY OF CHICAGO, <br><br> Defendants, | Case No. 14 CV 4136 <br><br> Judge: Magistrate Judge Weisman <br><br><br> JURY DEMAND |

## PLAINTIFF'S MOTION TO BIFURCATE TRIAL

Plaintiff, Lakisha Myers, by and through their attorneys, Brian Orozco and Gregory E. Kulis, of the law firm of GREGORY E. KULIS and ASSOCIATES, move this Court under Federal Rule of Civil Procedure 42(b) to bifurcate the jury trial in this matter on the issues of liability and damages. In support of her motion, Plaintiff states as follows:

1. As can be shown in Plaintiff's motions in *limine*, the Plaintiff has moved to bar reference to subjects involving the potential to unduly prejudice the jury's inquiry on liability. For example, the Plaintiff moved to keep out the fact that Michael Myers had cocaine in his system the night of his death, all of his mental health history, as well as to bar the Defendant's expert from testifying. Defendants argued that this disputed evidence is relevant at trial for both liability as well as damages. If the court rules in favor of Plaintiff's motions in *limine* to bar these subjects for liability purposes, the Plaintiff would like to move to bifurcate the trial on the issues of liability and damages.

2. District courts have broad discretion in ordering the bifurcation of a plaintiff's claims, as part of their inherent power to control their docket. *Krocka v. City of Chicago*, 203 F.3d 507, 516 (7th Cir. 2000). Rule 42(b) allows district courts to separate the trial of any issue,

if separation is warranted "for convenience, to avoid prejudice, or to expedite and economize." If one of these criteria is met – preventing prejudice to a party *or* promoting judicial economy – a district court may order bifurcation as long as doing so will not prejudice the non-moving party or violate the Seventh Amendment. *Krocka,* 203 F.3d at 516; *Houseman v. Untied States Aviation Underwriters*, 171 F.3d 1117 (7th Cir. 1999).

3. The Northern District's decision in *Brom v. Bozell et al.,* 867 F.Supp.686 (N.D.Ill. 1994) is an illustrative case where the trial was bifurcated. In this employment discrimination suit, the court bifurcated the liability and damages issues at trial because the damage evidence involved extensive testimony on the employees' efforts to find re-employment, and the proper amounts to be awarded from stock, profit sharing and pension plans. The court reasoned that these issues were independent of liability issues and pointed out that if the defendants are found not guilty, "bifurcation will have resulted in a substantial savings of time by avoiding the needless presentation of extensive testimony on damages." *Id.* at 690.

4. As the Seventh Circuit explained in *Hydrite Chemical Co. v. Calumet Lubricants Co.*, 47 F.3d 887, 890-91 (7th Cir. 1995), the "fact of injury and the amount of injury (damages) are analytically distinct. Tort liability requires proof of the first, that is, proof that there was injury, so that if the trial is divided, as is commonly done, between liability and damages, the fact of the injury belongs in the first and the quantification of the injury by means of an assessment of damages in the second."

5. Here, bifurcating the trial between the liability portion and the damages portion will serve judicial economy and best serve the goal of an efficient and expedient trial. Even if the Plaintiff wins all of her motions in *limine* the above mentioned subjects, the facts of the case suggest that the Plaintiff will have a tough case to present to the jury. The Defendants have listed 6 witnesses, paramedics and firefighters, who will all testify that Michael Myers either jumped on an ambulance or a firetruck and attempted to stab its occupants. The Plaintiff has no witnesses to

contradict this testimony. Two of these witnesses will support the account by the officers that Michael Myers tried to stab the Defendants. If the defendants are found not liable, then all evidence related to the damage portion of the case may be avoided entirely. On the other side of the coin, if the Plaintiff wins, there is a significant possibility of settlement, particularly since the officers would be then facing the prospect of punitive damages.

6. With these facts in mind, bifurcation of the trial will eliminate the necessity of presenting any evidence on damages, which will be extensive based on Michael Myer's past history with cocaine and mental health. Defendants have disclosed Plaintiff's previous mental health treater, Doctor Piyush Buch and well as their expert James O'Donnell who will both testify at trial as to damages. Dr. Buch'es records are extensive, while the Defendant's expert has listed his rate of compensation to be $675.00/hour. Finally, the Plaintiff would not have to testify at all if the trial is bifurcated since she did not witness any of the incidents at issue in the complaint.

7. Assuming that the Court agrees with the Plaintiff that the above mentioned subjects are irrelevant and prejudicial for determinations of liability, bifurcating the trial will prevent these damages witnesses from testifying during the liability portion of the trial. As a result, judicial economy will be served if a liability only phase resolves the issue without needing to discuss damages.

8. The risk of prejudice by extensive damages testimony detailing the issues that Michael Myers battled with cocaine and mental health, the fact that Michael Myers had cocaine in his system at the time of his death, as well as the Defendant's argument that his actions were a result of a cocaine induced psychosis, is beyond significant. Dr. Buch will testify that out of the four times that Michael Myers was seen from 2005-2010, he admitted to a previous history of suicide attempts, his intake of alcohol and cocaine was considered "excessive" and that he abused cocaine for 30 years. Based on the negative perceptions of mental health disorders combined with the negative associations that the public has of drug addicts, this information alone will unduly prejudice the jury against Michael Myers. And if the jury hears testimony that Michael Myers

was suffering from a cocaine induced psychosis at the time of his death, they will be unduly influenced into putting more weight on the Defendants' version of events instead of the Plaintiff's. By bifurcating the two portions of trial, the damage of evidence irrelevant to liability influencing the jury is lessened.

9. Defendants would not be unduly prejudiced by bifurcation, but would also save time and money by not being required to present trial testimony of their damages witnesses. If the issue of liability is resolved prior to damages and there is a defense verdict, Defendants would not only be unprejudiced, they would benefit by saving themselves a substantial amount of time and money paying the Plaintiff's previous treater and their expert witness. If a liability only phase resolves the issues, the parties will save money by avoiding the cost of the treater testimony, which will be greater than the amounts charged for deposition testimony.

10. Finally, bifurcation of the trial would not violate the Seventh Amendment. The Seventh Amendment states that a party has a right to a jury trial and no fact tried by a jury may be reexamined. This prong is more likely to be implicated when trials are bifurcated as to separate defendants and the same issues could be divided as well. No issue in the liability trial would be "reexamined" in the damage trial as each portion requires severable inquiries.

11. Therefore, this Court and the parties will avoid a significant expenditure of time and resources by bifurcating the liability and damages portion of the trial, and first considering only the issue of liability. Rule 42(b) permits bifurcation at the court's discretion to "expedite and economize" litigation in cases similar to the instant case in which "needless costs and burdens of a second trial" can be avoided. *Treece v. Hochstetler*, 213 F.3d 360, 354 (7th Cir. 2000). In balancing the interests of the parties, judicial economy and unfair prejudice, bifurcation is merited.

WHEREFORE, Plaintiff respectfully requests that this Court grant her Motion to Bifurcate the Trial, and for all other relief this Court finds just and proper.

                        Respectfully Submitted,

                        /s/ *Brian Orozco*

Gregory E. Kulis & Associates, Ltd.
30 N. LaSalle Street, Suite 2140
Chicago, IL 60602
p. (312) 580-1830
f. (312) 580-1839

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys of record herein, hereby certifies that on **May 16, 2014**, the foregoing **DEFENDANTS' MOTION TO BIFURCATE TRIAL** was electronically filed with the Clerk of the U.S. District Court using the CM/ECF System, which will send notification of such filing to the following:

**Gregory E. Kulis**
**Joshua S Patrick**
Gregory E. Kulis and Associates, Ltd.
30 North LaSalle Street
Suite 2140
Chicago, IL 60602
(312) 580-1830
Email: gkulis@kulislawltd.com
Email: jpatrick@kulislawltd.com


/s/ Lucy B. Bednarek
LUCY B. BEDNAREK, Attorney Bar # 6269389
One of the attorneys for Defendants

ANCEL, GLINK, DIAMOND, BUSH, DICIANNI
& KRAFTHEFER, P.C.
140 South Dearborn Street, Sixth Floor
Chicago, Illinois 60603
Telephone:     (312) 782-7606
Facsimile:     (312) 782-0943
E-Mail:        lbednarek@ancelglink.com

4849-4400-4379, v. 1